**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 23-04032-01-CR-C-BCW |
| **SCOTT ALAN BARKER**, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Teresa A. Moore, the United States Attorney for the Western District of Missouri and undersigned counsel, respectfully submits this sentencing memorandum in the above captioned matter, set for a sentencing hearing on February 25, 2025. For the reasons set forth below, the Government and the defendant jointly recommend that the Court sentence the defendant, Scott Alan Barker, to 180 months' imprisonment and ten years' supervised release.

### I. BACKGROUND

On August 8, 2024, the defendant appeared before Chief U.S. Magistrate Judge Willie J. Epps Jr. and entered a plea of guilty to a single-count Indictment which charges production of child pornography. Pursuant to the plea agreement, the defendant made the following admissions:

> On July 11, 2023, Homeland Security Investigations (HSI) agents in Saint Louis, MO received information from the HSI Cyber Crimes Center that a video which depicts an adult male and minor child victim, approximately 12 months of age, ("MV") engaged in sexually explicit conduct ("child sex abuse video"), was likely linked to a subject residing in Ashland, MO. The child sex abuse video was recovered by United Kingdom law enforcement from the device of a

suspect in their own investigation seized on July 21, 2022 and submitted to HSI for investigation of origin.

The child sex abuse video depicts an adult male sitting in a chair or couch in the interior of a home shirtless, wearing boxer shorts, and holding a small male child on or next to his lap. The adult adjusts the camera to focus on his erect penis while he masturbates and allows the child to touch his penis while continuing to masturbate.

HSI compared the image of the adult to publicly available image galleries and found a likely match to Scott Alan **BARKER**, ("**BARKER**"), a United States citizen, residing primarily in Ashland, Missouri. Agents compared publicly available images of **BARKER** from various internet pages and articles, as well as from official government documents, and noted close resemblance to the adult male depicted in the child sex abuse video. HSI found a publicly accessible social media profile pertaining to **BARKER** which displayed several photographs of **BARKER** and the MV as well as homemade videos of the MV which also showed distinctive features and decorations of the home that are also visible in the child sex abuse video. HSI compared real estate listing photographs of **BARKER**'s home with the layout and features visible in the background of the child sex abuse video and observed several distinctive matches.

On July 17, 2023, HSI and local law enforcement executed a court authorized search of **BARKER**'s residence. Agents observed and photographed the interior of the home, which matched the background of the child sex abuse video.

In a non-custodial interview, **BARKER's** wife was shown a sanitized screenshot from the child sex abuse video and confirmed the adult depicted is **BARKER**.

During a post-Miranda interview, **BARKER** admitted to using online live video chat webpages for the purpose of chatting with adults in a sexually explicit manner. **BARKER** admitted he is depicted in screenshots of the child sex abuse video and acknowledged the video depicted him masturbating with MV. **BARKER** claimed to not recall that incident and stated he may have blocked from his memory because he realized it was a mistake. **BARKER** was shown an image of the female persona believed to be used by the suspect in the United Kingdom and **BARKER** confirmed he chatted with that persona.

2

The United States Probation Office calculated the Sentencing Guidelines as follows:

| | |
|---|---:|
| **Base Offense Level: § 2G2.21** | **32** |
| 2G2.1(b)(1) | +4 |
| 2G2.1(b)(2)(A) | +2 |
| 2G2.1(b)(3) | +2 |
| 2G2.1(b)(4)(B) | +4 |
| 2G2.1(b)(5) | +2 |
| **Acceptance of Responsibility** | **-3** |
| **Total Offense Level** | **43** |

With his Criminal History Category of I, this calculation results in an applicable Guidelines range life in prison. However, the statutorily authorized maximum sentence is 360 months. Therefore, the guideline term of imprisonment is 360 months. The Government and the defendant jointly recommend a sentence of 180 months.

## II.    DISCUSSION

Even after *United States v. Booker*, 543 U.S. 220 (2005), sentencing begins with a properly calculated advisory Sentencing Guidelines range, including any applicable departures. *See* United States Sentencing Commission, Guidelines Manual, § 1B1.1(a) and (b). The Court then must consider that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. USSG § 1.1B1(c).

The Supreme Court has observed that "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives'." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). The Government submits that this case falls within that category of cases for which the Guidelines sentence is sufficient, but not greater than necessary, to meet the goals outlined in 18 U.S.C. § 3553(a). A 180 month sentence is reasonable and is justified under § 3553(a) for the reasons set forth below.

A.  *Objections to the PSR*

The defendant does not make any objections which impact the guideline calculation.

B.  *Application of the § 3553(a) Factors*

   **1.  The History and Characteristics of the Defendant**

The defendant's history and characteristics are the first of the factors enumerated in 18 U.S.C. § 3553(a)(1). The defendant has no criminal history, however that is not uncommon in cases involving exploitation of children. The defendant reports having a good upbringing free from abuse and neglect. He reports no mental health or substance abuse issues. The defendant's history and characteristics support the statutory mandatory minimum sentence of 180 months.

   **2.  The Need to Protect the Public from Future Crimes by the Defendant and the Nature and Circumstances of the Offense**

The need to protect the public from the defendant's own future crimes, 18 U.S.C. § 3553(a)(1)(C), the nature and circumstances of the offense of conviction, 18 U.S.C. § 3553(a)(1), as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A), and the need to deter other criminal conduct, 18 U.S.C. § 3553(a)(2)(B), all weigh in favor of the 180-month sentence jointly recommended by the Government and the defendant. Although the defendant has no criminal history, his conduct in this case is extremely concerning. The defendant was video chatting online with an individual he knew as "Emma Long". "Emma Long" was an online persona used by an adult male to encourage male children to expose themselves and where possible involve younger male friends or family to sexually assault. Using this persona, the adult male would also encourage adults to abuse children in their care. The adult male manipulated images and videos of a female to appear live to the end user, so they believed they were talking to a 17-

4

year-old female. He also used a video of a 5-year-old being sexually abused stating it was Long's sister. While chatting with an individual the defendant believed to be a teenage female, the defendant masturbated with MV1's hand on his penis. The fact that the defendant believed he was chatting with a minor female and willingly involved a one-year-old child in a sexual act shows his depravity. Additionally, during a forensic analysis of the defendant's cellular phone, law enforcement located several videos depicting the defendant covertly using the iPhone camera to record young women underneath their skirts or dresses. The defendant is seen recording these videos in Mobile, Alabama at an awards dinner for the National Association of Intercollegiate Athletics Tennis Championships, at Disney World Park in Orlando, Florida, public retail stores in Jefferson City, Columbia, Chesterfield, and St. Louis, Missouri. This behavior shows the defendant's willingness to violate young women's privacy for his own sexual gratification. The need to protect the public from the defendant and the nature and circumstances of the offense support the 180-month sentence recommended by the Government and the defendant jointly.

### 3. The Need to Avoid Unwarranted Sentencing Disparities

Uniformity in sentencing among similarly-situated defendants is also an important element of sentencing, 18 U.S.C. § 3553(a)(6), and in general, this factor weighs in favor of a Guidelines-range sentence, since the Court "necessarily g[ives] significant weight and consideration to the need to avoid unwarranted disparities" when calculating and reviewing the Guidelines range. *Gall v. United States*, 552 U.S. 38, 54 (2007). The government is recommending a below-guideline sentence in this case.

### 4. Balancing of All § 3553(a) Factors

Given the seriousness of the offense conduct and the defendant's impulsive sexual offending, a sentence of 180 months, the statutory minimum, is appropriate in this case.

C.  *Recommended Sentence for Monetary Penalties*

Due to the defendant's inability to pay, the Government is not advocating that a fine be imposed. However, a $100 Special Assessment per count is mandatory and, as a result, $100 must be paid in full by the defendant no later than the day of sentencing. Additionally, restitution is mandatory.

D.  *Restitution*

The Government requests a restitution order in the amount of $93,922.22 as requested by the victim in this matter. The supporting documentation was provided by the victim and is included in the PSR.

## IV.  CONCLUSION

The Government respectfully suggests that a sentence of 180 months constitutes a sentence sufficient, but not greater than necessary, to achieve justice.

Respectfully submitted,

**Teresa A. Moore**
United States Attorney

By  /S/

**Ashley S. Turner**
Assistant United States Attorney
Missouri Bar No. 62314

**CERTIFICATE OF SERVICE**

6

The undersigned hereby certifies that a copy of the foregoing was delivered on February 11, 2025, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to current counsel of record.

          /S/
**Ashley S. Turner**
Assistant United States Attorney